**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| THOMAS FRANKLIN WOODY, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:09-CV-0173-RWS-SSC |
| SHERIFF STEVE CRONIC; | : | |
| LIEUTENANT SEYMORE; | : | |
| SERGEANT UNDERWOOD; | : | |
| OFFICER LUNDIS; DOCTOR | : | |
| LINWOOD ZOLLER; and HALL | : | |
| COUNTY, | : | |
| | : | |
|     Defendants. | : | |

## **ORDER AND OPINION**

On January 28, 2010, this *pro se* civil rights action was dismissed as frivolous, pursuant to 28 U.S.C. § 1915A. Plaintiff has now filed a notice of appeal and a motion to appeal *in forma pauperis*. (Docs. 23 and 24.)

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith if, viewed objectively, the party "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

In his notice of appeal, Plaintiff seeks to challenge this Court's conclusion that Defendants were not deliberately indifferent to his serious medical need. (Doc. 23 at 1.) Plaintiff also claims that Defendants attempted to cover up the incident which caused Plaintiff's injuries by failing to prosecute the detainee who attacked him. (*Id.*) Finally, Plaintiff asserts "that due to his recent sentencing in the same district court on August 31, 2009, and the nature of that sentencing hearing, he has been prejudiced by the biased decision regarding the entities (defendants) as well as [the] monetary amount sought against defendants of the same jurisdiction." (*Id.* at 2.)

In denying Plaintiff's claim that Defendants were deliberately indifferent to his serious medical need by delaying and denying him medical care after being attacked by another detainee, this Court concluded:

> Plaintiff does not allege that he suffered any obvious injury at the time of the attack, and he did not complain of pain or request medical treatment until the day after he was assaulted by [detainee] Edwards. Plaintiff was then examined only one day later, and he was prescribed a muscle relaxer. Plaintiff does not allege any facts which would suggest that his condition worsened as a result of this brief delay. Plaintiff also fails to indicate that Defendants had the authority to conduct additional testing and treatment until the United States Marshal's service authorized it. Although Plaintiff believes pain medication and a neck brace should have been provided sooner, a "difference in medical opinion between the prison's medical staff and

2

> the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) ("the Constitution . . . does not guarantee to a prisoner the treatment of his choice"). While the muscle relaxer may not have cured Plaintiff's neck injury, it is apparent that Zoller prescribed it for that purpose. Even if Zoller's treatment constituted medical malpractice, such negligence does not violate the Constitution. *Estelle*, 429 U.S. at 106. Plaintiff's allegations concerning the medical care he received do not state an actionable claim under § 1983.

(Doc. 20 at 8-9.) The authority supporting these conclusions is well-established, and Plaintiff does not suggest that this Court misapplied the controlling case law. Instead, Plaintiff now alleges that Defendants "fail[ed] to contact [the] proper agency (i.e. U.S. Marshals Service) to get permission to perform other needed treatment." (Doc. 23 at 1.) In his original complaint, Plaintiff alleged that Defendants had not yet received approval from the United States Marshals Service to perform the diagnostic examinations Plaintiff requested. (Doc. 1-2 at 17; Doc. 20 at 5.) Plaintiff's new and inconsistent allegation does not alter the conclusion that he is not entitled to the treatment of his choice, and that Defendant Zoller examined and treated him. Therefore, Plaintiff's appeal of this portion of the Order dismissing his civil rights action is not taken in good faith.

3

Plaintiff also seeks to appeal the dismissal of this action based on his assertion that Defendants attempted to cover up the incident which caused Plaintiff's injuries by failing to prosecute the detainee who attacked him. (Doc. 23 at 1.) Plaintiff does not allege any facts to support this conclusion. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). In his original complaint, Plaintiff alleged that Defendants violated his rights by failing to file criminal charges against Edwards. (Doc. 1 at 11; Doc. 20 at 6.) The Supreme Court has previously ruled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (internal quotation omitted). Plaintiff's claims related to Defendants' failure to prosecute Edwards do not state a cause of action under 42 U.S.C. § 1983. This portion of Plaintiff's appeal is also not taken in good faith.

Plaintiff speculates that his recent sentencing, nature of his sentencing hearing, and the amount of money damages he seeks caused this Court to review his civil rights action with a bias against him. This Court relied on controlling authority and not personal opinion to find that Plaintiff's civil rights action lacked

4

merit. Additionally, the undersigned did not oversee Plaintiff's criminal cases. *See United States v. Woody*, Case No. 2:09-CR-48-WCO; *United States v. Woody*, Case No. 2:09-CR-47-WCO; *United States v. Woody*, Case No. 2:09-CR-46-WCO; *United States v. Woody*, Case No. 2:08-CR-41-WCO. Finally, this Court routinely reviews prisoner complaints seeking large monetary awards. In short, Plaintiff's unfounded assertions further demonstrate that his appeal is not taken in good faith, and his motion for leave to appeal *in forma pauperis* should be denied.

**IT IS ORDERED** that Plaintiff's motion to appeal *in forma pauperis* [Doc. 24] is **DENIED**. Any further requests by Plaintiff to appeal *in forma pauperis* should be directed to the United States Court of Appeals for the Eleventh Circuit.

**IT IS SO ORDERED**, this  18th  day of February, 2010.

_Richard W. Story_
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)